UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA BULLDIS,

                   Plaintiff,

     v.

ALBERTSONS COMPANIES INC. ET AL.,

                   Defendant.

CASE NO. 25-cv-5006 BHS

ORDER

THIS MATTER is before the Court on Plaintiff Pamela Bulldis's motion to compel discovery responses from Defendant Swire Pacific Holdings, Inc. Bottling Company, Dkt. 29. For the reasons stated below, the Court grants the motion and awards Bulldis her reasonable attorney's fees and expenses incurred in connection with this motion.

**BACKGROUND**

Bulldis filed this lawsuit on March 18, 2023, alleging that a Swire employee negligently ran into her while she was shopping at Albertsons, causing her significant injuries. Dkt. 21 at 3. On July 15, 2025, Bulldis served Interrogatories and Requests for

ORDER - 1

1   Production on Swire. Schultz Decl., Dkt. 30, Ex. A, B. Responses were due within thirty

2   days. *Id.*; *see* Fed. R. of Civ. P. 33. At the time, Swire was represented by attorneys

3   Gordon Klug and Austin Lewis, from the Tyson & Mendes law firm. Dkts. 6, 8.

4        On September 9, 2025, Bulldis's counsel emailed Swire's attorney Gordon Klug a

5   reminder of the discovery deadlines and requested that a phone conference be scheduled

6   for the following week. Schultz Decl., Dkt. 30 at 2; Ex. C. at 20. Three days later, John

7   Watson, another attorney from the Tyson & Mendes law firm, informed Bulldis's counsel

8   by phone that he was newly assigned to the case, that he didn't realize Klug was already

9   assigned to the case, and that he had not yet reviewed any discovery requests. *Id.* at 2.

10  Watson asked Bulldis's counsel to send him a follow up email the next business day. *Id.*;

11  Ex. D at 23. Neither attorneys Klug nor Watson responded to that email. On September

12  18th, Watson filed a notice of appearance substituting for Lewis, who subsequently

13  withdrew as Swire's counsel. Dkts. 27, 28.

14       Following a deposition on September 23, 2025, Bulldis's counsel inquired about

15  outstanding written discovery requests. Dkt. 34 at 2. Attorneys Klug and Watson did not

16  respond, and on October 2, 2025, Bulldis's counsel emailed them proposed times for a

17  phone conference. Schultz Decl., Dkt. 30, Ex. E at 27. The parties met on October 6th,

18  and Watson agreed to provide answers to written discovery requests by close of business

19  on October 9th. *Id.* at 26. On October 8th, Watson left Bulldis's counsel a voicemail that

20  he would be absent from the office until the 17th, but that he would "endeavor as

21  expeditiously as possible" to provide responses to outstanding discovery on his return.

22  Watson Decl., Dkt. 33-1 at 2.

1    On October 10, 2025, Bulldis's counsel informed Klug and Watson that they

2   would be filing a motion to compel with a request for attorney's fees. Schultz Decl., Dkt.

3   30, Ex. E at 25. Bulldis filed the motion the following Monday. *See* Dkt. 29. Watson

4   learned of the motion to compel upon his return from vacation. Watson Decl., Dkt. 33-1

5   at 2. He immediately contacted his client and arranged for them to expedite the finalized

6   responses to the outstanding discovery. *Id.* On October 23rd, Swire provided partial

7   responses. *Id.* The next day, Watson emailed Bulldis's counsel that additional responses

8   would be forthcoming. *Id.* at 2–3. He also confirmed with Bulldis's counsel over phone

9   that he expected all discovery to be completed no later than October 31st. *Id.* at 3. As of

10   October 28, 2025, Swire had yet to provide complete discovery. Dkt. 34 at 3–4.

11                              **DISCUSSION**

12    Under the Civil Rules, a party may obtain discovery on "any nonprivileged matter

13   that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Unless

14   otherwise agreed, a party must serve its answers and any objections to interrogatories

15   within 30 days after their service. Fed. R. Civ. P. 33(b)(2). A party must likewise respond

16   within 30 days of service to requests for production. Fed. R. Civ. P. 34(b)(2)(A). A party

17   seeking discovery may move for an order compelling production if a party fails to

18   produce documents as requested. Fed. R. Civ. P. 37(a)(3)(B)(iv). If the moving party

19   prevails, the Court "must" award the moving party its reasonable expenses in making the

20   motion, including attorneys' fees unless: the moving party did not make a good faith

21   attempt to obtain the discovery before making the motion; the opposing party's

22   nondisclosure, response, or objection was substantially justified; or other circumstances

1  make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The party facing

2  sanctions bears the burden of proving that its failure to disclose the required information

3  was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*,

4  673 F.3d 1240, 1246 (9th Cir. 2012).

5      Swire does not dispute that it failed to provide discovery but claims that the

6  motion is moot because it has since produced the requested discovery. Dkt. 33 at 1–2.

7  However, at the time it responded to this motion, Swire—contrary to its representations

8  to this Court and to Bulldis—had not yet fulfilled all discovery requests. Bulldis asserts

9  that as of October 28, 2025, "substantial written discovery" remains outstanding. Dkt. 34

10  at 3–4. To the extent Swire's discovery responses remain incomplete, Bulldis's motion to

11  compel, Dkt. 29, is **GRANTED**.

12      The remaining issue is whether Bulldis should be awarded the fees she incurred in

13  this motion as a sanction for Swire's failures. Bulldis made a good faith effort to obtain

14  discovery before seeking the Court's intervention. Bulldis repeatedly reminded Swire by

15  phone and email of Swire's discovery obligations. *See* Schultz Decl., Dkt. 30, Ex. A–E.

16  After long periods of Swire's silence, Bulldis repeatedly and proactively reached out and

17  requested a conference to discuss discovery deadlines. It was not until October 23,

18  2025—*after* Bulldis filed her motion to compel—that Swire finally provided partial

19  responses to discovery. Prior to that time, Swire had not submitted any responses,

20  objections, or requests for extensions. Even then, Swire's responses were not complete.

21  Bulldis continues to request that Swire "immediately produce full and complete

22  discovery responses." Dkt. 29 at 2.

Swire fails to provide sufficient justification for the delay. Swire contends that Bulldis "grossly misstates the facts." Dkt. 33 at 1. Swire asserts that it has been in "constant communication" with Bulldis's counsel, and that it produced discovery, as agreed upon, when Watson returned from a preplanned vacation. *Id.* at 1–2. However, Swire never agreed that it would wait to file this motion to compel after Watson came back from vacation. Significantly, Watson is not the only attorney of record from Tyson & Mendes on this case. Gordon Klug, also with Tyson & Mendes, has been working on this case since December 2024. Swire makes no justification as to why Klug could not have handled discovery in Watson's absence, especially because at the time, Watson had only been assigned to the case for less than a month. Swire's justifications for delay are without merit and there is nothing in the record that makes an award of expenses unjust.

The Court concludes that Bulldis is entitled to recover her reasonable expenses incurred in making the motion, including attorney fees. The Court determines that $1,500 is reasonable.

IT IS SO ORDERED.

Dated this 13th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge